1  **SUBP**
Byron L. Ames, Esq.
2  Nevada Bar No.: 7581
Jason C. Kolbe, Esq.
3  Nevada Bar No.: 11624
**THARPE & HOWELL, LLP**
4  6897 West Charleston Boulevard
Las Vegas, Nevada 89117
5  (702) 562-3301
Fax: (702) 562-3305
6  bames@tharpe-howell.com
jkolbe@tharpe-howell.com
7
Attorneys for Defendant,
8  ALLIED VAN LINES, INC.

9  UNITED STATED DISTRICT COURT

10  DISTRICT OF NEVADA

11  * * *   MC 11-10-M-JCL

12
RICHARD UNDERWOOD,                )   CASE NO.:  3:11-cv-00035-HDM-RAM
13                                  )
         Plaintiff,                )
14                                  )
vs.                                )
15                                  )
                                   )   **SUBPOENA - CIVIL**
16                                  )   ☒ **REGULAR** ☐ **DUCES TECUM**
ALLIED VAN LINES, INC.             )
17                                  )
         Defendant.                )
18  _____ )
                     File No. 24335
19

20

21

22  THE STATE OF NEVADA SENDS GREETINGS TO:

23  **MR. SCOTT LAKE**
**Montana Transfer Company**
24  **209 Commerce Street**
**Missoula, Montana 59808**
25  **(406) 728-8080**

26  YOU ARE HEREBY COMMANDED to appear on the **2nd day of December, 2011**, at

27  **10:00 a.m.**, at Marshall & Marshall Reporting, 500 1st Street East, Polson, Montana 59860, for the

28  purpose of taking your deposition by Defendants, upon oral examination, recorded by stenographer,

1 | pursuant to Rules 26 and 30 of the Nevada Rules of Civil Procedure, and pursuant to Rules 28, 30,
2 | 31, 34 and 45 of the Montana Rules of Civil Procedure, before a Notary Public, or before some other
3 | officer authorized by law to administer oaths.
4 |     If you fail to appear, you will be deemed guilty of contempt of Court and liable to pay all
5 | losses and damages caused by your failure to appear. Please see Exhibit "A" attached hereto for
6 | information regarding the rights of the person subject to this Subpoena.
7 |     Below is a list of all counsel of record in this proceeding:

Byron L. Ames, Esq.
Nevada Bar No.: 7581
6897 West Charleston Boulevard
Las Vegas, Nevada 89117
(702) 562-3301
Fax: (702) 562-3305
Attorneys for Defendant

Mark Wray, Esq.
Law Offices of Mark Wray
Nevada Bar No.: 4425
608 Lander Street
Reno, Nevada 89509
Attorney for Plaintiff

DATED this 16th day of November, 2011.

**THARPE & HOWELL, LLP**

By: _____
Byron L. Ames, Esq.
Nevada Bar No.: 7581
Jason C. Kolbe, Esq.
Nevada Bar No.: 11624
6897 West Charleston Boulevard
Las Vegas, Nevada 89117
(702) 562-3301
Fax: (702) 562-3305

Attorneys for Defendant
ALLIED VAN LINES, INC.

## EXHIBIT A

## NOTICE REGARDING PROTECTION OF PERSONS SUBJECT TO SUBPOENA

A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

Subject to NRCP 45(d)(2), a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party to or an officer of a party from significant expenses resulting from the inspection and copying commanded.

On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv)  subjects a person to undue burden.

If a subpoena (i) requires disclosure of a trade secret or other confidential research, development or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the burden to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## DUTIES IN RESPONDING TO SUBPOENA

A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand. When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.